AMERIO CONTACT PLATE FREEZERS, INC., Appellant,

v.

Frank W. KNOWLES, Appellee.

No. 15150.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1959.

Decided Jan. 14, 1960.

Mr. John P. Chandler, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messers. Ralph H. Hudson and William B. Kerkam, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Alfred J. Schweppe, Seattle, Wash., of the bar of the Supreme Court of Washington, pro hac vice, by special leave of Court, with whom Mr. George R. Jones, Washington, D. C., was on the brief, for appellee. Mr. Irving M. Tullar, Washington, D. C., also entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

■ Appellant's assignor, who had been the losing party in an interference proceeding in the Patent Office, filed a complaint against appellee, the successful party in that proceeding, in the United States District Court for the District of Columbia. Appellee, a resident of the Western District of the State of Washington, was not served with process in the District of Columbia. He appeared specially and moved to dismiss appellant's complaint for lack of jurisdiction. The District Court granted the motion.

The patent law provides: "Any party to an interference dissatisfied with the decision of the board of patent interferences * * * may have remedy by civil action * * *." 35 U.S.C. § 146. The law concerning "District Courts; Jurisdiction" provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks." 28 U.S.C. § 1338(a). The District Court therefore had jurisdiction of the subject matter of the suit.

A separate paragraph of § 146 permits suit to be brought in the District of Columbia under certain special circumstances. But those circumstances are not present here and that paragraph is therefore irrelevant.

■ The law concerning "District Courts; Venue" provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law." 28 U.S.C. § 1391(b). But it also provides, under a heading "Cure or waiver of defects", that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Since this case is one "laying venue in the wrong division or district", the "cure or waiver" clause allows the District Court an option. If it be in the interest of justice the court, instead of dismissing the case, may transfer it to the district "in which it could have been brought". The court had jurisdiction of the subject matter, and the defect of venue could be cured by transfer. The court's lack of jurisdiction over the person of the defendant is immaterial. Schiller v. Mit-Clip Co., Inc., 2 Cir., 180 F.2d 654; Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir., 218 F.2d 514; Orion Shipping & Trading Co. v. United States, 9 Cir., 247 F.2d 755; United States v. Welch, D.C., 151 F.Supp. 899; Petroleum Financial Corp. v. Stone, D.C., 116 F.Supp. 426. It follows that in our opinion the court erred in granting appellee's motions "to dismiss for want of jurisdiction, to quash the return of service of summons, and to dismiss the action for want of jurisdiction of the person of the Defendant * * *." The order is reversed and the case remanded to enable the District Court to consider whether it is in the interest of justice to transfer the case to the Western District of Washington.

Reversed and remanded.