Henry L. HAYES, Appellant,
v.
Frank W. LIVERMONT, Appellee.

No. 15385.

United States Court of Appeals
District of Columbia Circuit.

Argued March 8, 1960.
Decided May 26, 1960.

Mr. Alvin Guttag, Washington, D. C., with whom Mr. Joseph H. Heard, Washington, D. C., was on the brief, for appellant.

Mr. Leo A. Rosetta, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

PER CURIAM.

■ The District Court held that the term "adverse parties residing in a plurality of districts", in 35 U.S.C. § 146, which concerns review of Patent Office decisions, is "not limited to plurality of defendants but may involve one plaintiff and one defendant if each resides in a separate district." This was error. Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 102 F.2d 270. Cf. Chris Laganas Shoe Co. v. Watson, 95 U.S.App.D.C. 324, 221 F.2d 881. Since appellant resides in Michigan and was not served with process in the District of Columbia, this suit against him cannot be maintained here. The order denying his motion to dismiss is vacated.

■ But the District Court has authority to transfer the case to a district "in which it could have been brought". 28 U.S.C. § 1406(a). The case is therefore remanded to enable the District Court to consider whether transfer would be in the interest of justice. As the late Judge Parker said for the Fourth Circuit, "transfer is in accord with modern standards of procedure, the purpose of which is to get away from time-consuming and justice-defeating technicalities and secure an adjudication of the rights of the parties by as direct and as expeditious a route as possible." Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517. Amerio Contact Plate Freezers, Inc. v. Knowles, 107 U.S.App.D.C. 81, 274 F.2d 590.

In respect to transfer, Judge Bazelon concurs only in the result and only because of the authority of the Amerio case.

Vacated and remanded.