Alex FRIEDMAN, d/b/a Creative Moulded Products Co., Plaintiff,

v.

UNITED STATES TRUNK COMPANY, Inc., Clarke Precision Moulding Corporation and Sidney S. Feinberg, Defendants.

United States District Court
S. D. New York.

April 9, 1962.

Sol Kroll and Max Edelman, New York City, for plaintiff.

Jack M. Perlman, New York City, appearing specially for defendants.

SUGARMAN, District Judge.

The plaintiff filed his complaint herein against two corporate and one individual defendants. The first claim charges a violation of the Anti-Trust laws. Jurisdiction of the subject matter may be found in Title 15 U.S.C.A. § 15. The second through ninth claims arise out of an agreement entered into between the plaintiff on the one hand and the defendant, United States Trunk Company, Inc. on February 16, 1956 and events occurring subsequently thereto. Jurisdiction thereof is predicated upon 28 U.S.C.A. § 1332(a) (1) and (c). The summons and complaint were originally served on all three defendants in Fall River, Mass.

The defendants moved before Judge Bonsal, pursuant to F.R.Civ.P. 12(b), 28 U.S.C.A. to dismiss the action or in lieu thereof to quash the return of service of the summons and complaint because the same were served outside the territorial limits of the jurisdiction of this court. As appears by Judge Bonsal's decision,

filed herein on February 16, 1962, 30 F. R.D. 148, the motion before him was upon consent narrowed to the first count, i. e., the Anti-Trust claim. Judge Bonsal held that venue of the first count was properly laid in this district as to the defendant United States Trunk Company but not as to the remaining two defendants.

Before Judge Bonsal's decision was filed, the plaintiff procured the service of the summons and complaint herein upon the corporate defendants by delivery thereof to one Bernard D. Sadow, at his home in Chappaqua, New York.

Said corporate defendants now move before me "under Rule 12(6) of the Federal Rules of Civil Procedure, to dismiss the action or in lieu thereof to quash the return of service of summons on the ground that the corporate defendants are corporations organized under the laws of the State of Massachusetts and were not and are not subject to service of process within the Southern District of New York".

Standing by itself, the recited basis for the motion, i. e., "Rule 12(6)" is confusing. However, in support of the motion the moving defendants submitted a brief in which they characterized their motion as "a motion by the defendants to dismiss the action or to quash the return of service of the summons on the ground that the corporate defendants are Massachusetts corporations and are not subject to the *service of process* within the Southern District of New York".

This motion, therefore, will be deemed a motion to (1) dismiss the complaint under 12(b) (3) "improper venue", or, in the alternative (2) quash the service of process under F.R.Civ.P. 12(b) (4) "insufficiency of process", and F.R.Civ.P. 4(d) (3).

Cutting away the welter of affidavits, exhibits and letters submitted by both sides on this motion, we have left, as aforesaid, two simple problems: (1) Is venue properly laid in this district as to the second through ninth claims predicated upon diversity jurisdiction, and (2) if so, was the service of process on the corporate defendants by delivery thereof to Bernard D. Sadow valid service?

The issue of venue has been resolved by Judge Bonsal in his determination of the motion narrowed before him to the first claim. There is no difference between "transacts business" as found in 15 U.S.C.A. § 22, and "doing business" as found in 28 U.S.C.A. § 1391(c). As Judge Bonsal found, which I adopt as an independent finding herein on the instant motion, defendant United States Trunk Company, Inc. "which is in the business of manufacturing and selling luggage, maintains a New York showroom and office in the Borough of Manhattan and is listed in the phone directory. It maintains an inventory of its goods in the showroom to demonstrate its line. At various times [it] has entered contracts in New York which state on their face that they are to be governed by New York law".

With respect to the defendant Clarke Precision Moulding Corporation, Judge Bonsal found, and I independently adopt as a finding in the instant motion, that "Clarke, however, does not maintain an office in New York, nor does it solicit orders for its products here. On these facts I do not find that there are sufficient contacts within this District to satisfy the criteria for 'transacting business'."

Accordingly, on the first branch of the motion, i. e., to dismiss the complaint for improper venue, the same is denied as to the defendant United States Trunk Company, Inc. and granted as to the defendant Clarke Precision Moulding Corporation.

There remains the question of whether process against United States Trunk Company, Inc. could be validly served at its New York office on Bernard D. Sadow. There is enough in the papers to cast Mr. Sadow in the category of a managing agent of the said defendant, to whom the delivery of process constitutes

valid service upon this corporate defendant. Accordingly, the second branch of the motion, that process upon the defendant United States Trunk Company, Inc. by delivery of the summons and complaint to Bernard D. Sadow be quashed, is denied.

It is so ordered; no further order is necessary.