**DIVA LABORATORIUM AKTIENGE-SELLSCHAFT, Plaintiff,**

v.

**DeLONEY & CO., Inc., Defendant.**

**DIVA LABORATORIUM AKTIENGE-SELLSCHAFT, now by change of name Diva Laboratorien A.G., Plaintiff,**

v.

**Edwin L. REYNOLDS, Acting Commissioner of Patents, Defendant.**

**Civ. A. Nos. 2885–61, 3041–63.**

United States District Court
District of Columbia.

Feb. 3, 1965.

Melvin S. Feldman, New York City, Amram, Hahn & Sundlun, Washington, D. C., Edmund M. Squire, New York City, for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendants.

JACKSON, District Judge.

These civil actions arose from a refusal by the Patent Office to grant plaintiff a registration for the trademark

"F99". The application for registration, filed on January 22, 1958, was rejected by the Patent Office on the ground that "F99" was confusingly similar to a trademark "99" registered previously by DeLoney & Company, Inc.

In order to overcome the rejection, the plaintiff began a separate proceeding in the Patent Office to have the DeLoney registration cancelled. The Patent Office, however, refused to cancel the DeLoney registration, finding that it was still in use. The plaintiff then exercised its right to sue (C.A. 2885–61) for cancellation in the District Court for the District of Columbia, and in so doing obtained a default judgment against DeLoney, who, although personally served, failed to appear.

The Patent Office elected not to comply with the default judgment (which directed that the DeLoney registration be cancelled) on the ground that the judgment was void for lack of jurisdiction. Accordingly, the Patent Office continues to refuse registration of plaintiff's trademark.

The plaintiff then instituted a second suit in the District Court (C.A. 3041–63) to compel the Commissioner of Patents to comply with the judgment, cancel the DeLoney registration, and register plaintiff's trademark.

In response to this last move by the plaintiff, the Patent Office filed papers in which it sought to "intervene" in the cancellation suit (C.A. 2885–61). Its purpose was to have the default judgment vacated.

Both cases—the plaintiff's suit to obtain registration of his trademark, and the Patent Office's suit to vacate the default judgment against DeLoney—are the subject of this decision. In the case against the Patent Office (C.A. 3041–63), the plaintiff has moved for summary judgment.

The first issue to be determined is whether the Patent Office has proper standing to attack the judgment.

The attack is sought to be made in two ways. The first is *collateral*, in which the Patent Office defends the suit to compel registration (C.A. 3041–63) by continuing to assert the DeLoney registration, thus by implication contending that the judgment ordering it to be cancelled is void. The second is *direct*, in which the Patent Office seeks, under Rule 60(b) of the Federal Rules of Civil Procedure, to "intervene" in the suit in which the judgment was initially rendered (C.A. 2885–61) for the purpose of having it vacated.

It is well settled that the invalidity of judgments for want of jurisdiction may be asserted at any time in any proceeding during which the judgment comes into issue. The classic case on this point is Thompson v. Whitman, 18 Wall. 457, 85 U.S. 457, 21 L.Ed. 897 (1873). It follows that the Patent Office has standing to attack the default judgment collaterally in the registration suit (C.A. 3041–63).

Having decided that the judgment may be attacked collaterally, the Court deems it unnecessary to reach the question of whether it might be attacked directly. The ruling on validity in the one case will render the other case moot.

Next to be determined is whether the default judgment is valid. It is alleged that the District Court for the District of Columbia, at the time of rendering the judgment, had neither jurisdiction over the subject matter nor jurisdiction over the parties.

As to jurisdiction over the subject matter, it is admitted that the complaint was not filed until one day after the statutory limitation period for so doing had expired. (35 U.S.C.A. § 146, 15 U.S.C.A. § 1071). From the decided cases, there seems to be some question as to whether that period is "jurisdictional" in which event the Court has no power whatsoever to hear the case after the period expires—or whether the period is only one of "limitation"—in which event the defense of late filing may be waived if not asserted by the defendant. The Third Circuit, in Shell Development Co. v. Universal Oil Products Co., 157 F.2d 421 (1946), has expressed doubt that

failure to comply with this period divests the district courts of jurisdiction. The District of Columbia Circuit has affirmed dismissal of a suit in which the plaintiff failed to comply with the period, Grady v. Watson, 104 U.S.App.D.C. 286, 261 F.2d 752 (1958), but has expressed no opinion regarding a situation in which the defense was not raised by the defendant. This Court believes it is soundest to construe the statutory period as one of limitation, rather than of jurisdiction. The more reasonable and conventional view is that late filing for judicial relief from administrative determinations is one of those defenses that may be waived, and that judgments may not be attacked on this ground after having once been entered. Such an interpretation would seem to follow from the decision in Eckey v. Watson, 106 U.S.App.D.C. 16, 268 F.2d 891 (1959), where this Circuit held that the Commissioner of Patents had discretionary authority to suspend or waive the period of limitation if justice so required. It would seem anomalous for the District Court's jurisdiction thus to be created or destroyed at the discretion of an administrative official.

As to the Court's jurisdiction over the parties, it appears that under the patent statutes (35 U.S.C. § 146) the District Court for the District of Columbia is empowered to hear cases only in certain enumerated circumstances, one of which is in actions involving adverse parties residing in a plurality of districts not embraced within the same state, or involving an adverse party residing in a foreign country. The term "adverse party" has been interpreted by this Circuit in Hayes v. Livermont, 108 U.S.App. D.C. 43, 279 F.2d 818 (1960), to mean only those parties adverse to the plaintiff. It follows, then, that the only "adverse party" in this case is the defendant, who was not amenable to suit in the District of Columbia. Thus, if the defendant had appeared and so requested, the District Court, pursuant to the language in Hayes v. Livermont, supra, would have either dismissed the complaint or transferred the action to the district of the defendant's residence. The authority for such action, as pointed out expressly in Hayes, is 28 U.S.C. § 1406(a), the statute governing venue in the federal courts.

The distinction between "jurisdiction" and "venue" in these matters is perhaps best set forth by the case of Amerio Contact Plate Freezers v. Knowles, 107 U.S. App.D.C. 81, 274 F.2d 590 (1960). In that case suit was brought erroneously in the United States District Court for the District of Columbia against a defendant who resided in the Western District of the State of Washington and was not served with process in the District of Columbia. The defendant appeared specially and moved to dismiss the complaint for lack of jurisdiction. His motion was granted. The Circuit Court of Appeals, in reversing, cited 28 U.S.C. § 1338(a) as directly conferring *jurisdiction* to hear such actions upon the United States District Courts, and noted that the defect involved was merely a matter of improper *venue*. The Court ordered that the case be transferred under 28 U.S.C. § 1406(a) to the district of proper venue, and stated expressly that "[t]he court's lack of jurisdiction over the person of the defendant is immaterial".

Since the matter was thus regarded by the Court of Appeals as one of *venue*, rather than *jurisdiction*, this Court must agree with plaintiff that defendant's failure to assert the same as a defense amounts to a waiver of it under Rule 12(h) of the Federal Rules of Civil Procedure. Such a construction is in conformance both with the spirit of the statutes providing for venue in the federal courts, and with controlling precedent in this Circuit.

The contentions as to the invalidity of the judgment having been examined and rejected, the Court will grant plaintiff's motion for summary judgment in the registration suit (C.A. 3041–63), and will direct the defendant to comply with the default judgment and authorize the defendant to register plaintiff's trademark. With respect to C.A. 2885–61, the Court will order that defendant's motion

to vacate the judgment be dismissed as moot.

The above opinion contains Findings of Fact and Conclusions of Law.