**WARNER PRESS, INC., Plaintiff,**

v.

**WARNER BOOKS, INC. and Independent News Co., Inc., Defendants.**

**No. IP 73–C–143.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Sept. 28, 1973.

Harold R. Woodard and John V. Moriarty of Woodard, Weikart, Emhardt & Naughton, Indianapolis, Ind., for plaintiff.

Raymond W. Gray, Jr., and Stephen Goldsmith of Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for defendant.

## ORDER ON MOTION TO DISMISS

STECKLER, Chief Judge.

The above-entitled action came before the Court on the motion of defendant Warner Books, Inc. to dismiss the amended complaint on the grounds that this Court lacks jurisdiction over the persons of the defendant Warner Books, Inc., or in the alternative, that venue is improper in this action.

■ "In Indiana, since the adoption of Trial Rule 4.4 of the Indiana Rules of Trial Procedure, it is no longer necessary for a foreign corporation to do business in Indiana before it becomes amenable to suit." Byrd v. Whitestone Publications, Inc., 27 Ind.Dec. 617, 619 (S.D.Ind.1971). On similar facts this Court in *Byrd* denied the defendant's motion to dismiss for lack of *in personam* jurisdiction, and held that a nonresident publisher was amenable to service under Indiana Trial Rule 4.4(A)(3), IC 1971, 34–5–1–1, even though all of its publications were sold to an independent contractor in another state and the independent contractor then distributed the publications in Indiana, with about 1.3 per cent of the publisher's national sales occurring in Indiana. In this case, nonresident publisher Warner Books, Inc. sells its output to an independent contractor who distributes the publications in this forum. About 3.2 per cent of defendant-publisher's national sales occur in Indiana. Under Trial Rule 4.-4(A)(3), it is immaterial that the alleged tortious acts of defendant Warner Books, Inc. were committed or occurred outside the State of Indiana since the infringing sale of its products clearly caused harm in this jurisdiction for purposes of this motion.

■ Next, the plaintiff's claims of trademark infringement and unfair competition have no relation to the content of said defendant's publications; thus, this action creates no issue as to First Amendment limitations on out of state service of defendant under the Indiana "longarm statute." *See,* Time, Inc. v. Manning, 366 F.2d 690, 695 (5th Cir. 1966).

The determination of whether venue is proper in this forum depends on the status of the commercial operations of Warner Books, Inc. in this state under federal concepts of "doing business" in 28 U.S.C. § 1391(c), which reads in pertinent part:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business . . . ."

The exact standard as to what constitutes "doing business" has been subject to various interpretations. Professor Moore, in his treatise on Federal Practice, states:

> "Although the matter is not free from doubt, and there is very respectable *contra* authority, we believe that if a corporation is amenable to service of process it should be held to be 'doing business' for [federal] venue purposes. In the borderline situation, a court must look to the particular facts of each case and examine the nature of the corporation's contacts with the state, in relation to the suit that is being pressed against it." 1 Moore, Federal Practice ¶ 0.142 [5.–3], at 1500 (2d ed. 1972).

*See, e. g.,* Friedman v. United States Trunk Co., 204 F.Supp. 366 (S.D.N.Y. 1962), aff'd 367 F.2d 583 (2d Cir. 1966); Sunbury Wire Rope Mfg. Co. v. United States Steel Co., 230 F.2d 511 (3d Cir. 1956); Steiner v. Dauphin Corp., 208 F.Supp. 104 (E.D.Pa.1963).

Certain cases, upon which defendant's brief relies, have defined "doing business" under § 1391(c) as that degree of activity requiring the corporation to obtain a license to do business in the state. Farr's, Inc. v. National Shoes, Inc., 191 F.Supp. 803 (E.D.Pa.1960); Rensing v. Turner Aviation Corp., 166 F.Supp. 790 (N.D.Ill.1958). These cases have been criticized and clearly represent the most restrictive interpretation of the "doing business" standard. Albert Levine As-

sociates v. Bertoni & Cotti, 309 F.Supp. 456 (S.D.N.Y.1970); Smeltzer v. Deere & Co., 252 F.Supp. 552 (W.D.Pa.1966).

The plaintiff's complaint asserts trademark infringement and unfair competition claims which allegedly arose directly from the sale and distribution of the infringing publications in this forum by defendant's independent contractors. The jurisdictional fact that defendant Warner Books, Inc. relied upon the services of an independent contractor does not prevent a finding that it was "doing business" under § 1391(c). *See,* Houston Fearless Corp. v. Teter, 318 F.2d 822 (10th Cir. 1963). Professor Moore sums up the reasoning of this Court:

> "In the *International Shoe* case [International Shoe Co. v. Wash., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] the Court said that a corporation is amenable to service of process, in a foreign state, if the corporation has 'certain minimum contacts' with the state so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *If it is not unfair to subject the corporation to the court's jurisdiction by service of process, it seems wise and not unfair to hold that there is a proper venue . . . ."* [Emphasis added.] 1 Moore, Federal Practice ¶ 0.142 [5.–3], at 1501 (2d ed. 1972).

Lastly, defendant Warner Books, Inc. has moved for a transfer of this action to the Southern District of New York. The general rule is that the plaintiff's choice of forum should not be disturbed without some sound policy reason relating to the convenience of the parties or efficient judicial administration. Pacific Car and Foundry Co. v. Pence, 403 F.2d 949 (9th Cir. 1968); Thomson v. Palmieri, 355 F.2d 64 (2d Cir. 1966). No sound policy reason for transfer of this action has been offered by the defendant, nor does any exist.

Wherefore, this Court having considered said motion to dismiss by defendant Warner Books, Inc., the briefs in support thereof and in opposition thereto, and being duly advised in the premises, concludes that said motion, in all parts, should be, and it is, hereby denied.