Jerome M. BESUNER, d/b/a Mid-America Marketing, Plaintiff,

v.

FABERGE, INCORPORATED, Defendant.

No. C74-7.

United States District Court, N. D. Ohio, E. D.

May 7, 1974.

Jerome M. Besuner, pro se.

S. Stuart Eilers, Thompson, Hine & Flory, Cleveland, Ohio, and Mercer L. Stockell, Rogers, Hoge & Hills, New York City, for defendant.

## MEMORANDUM and ORDER

BEN C. GREEN, District Judge:

This action is brought as an appeal from a decision of the Trademark Trial and Appeal Board of the United States Patent Office, denying to plaintiff registration of the trademark "Fabrece". That registration had been opposed in the Patent Office by defendant, Faberge, Inc.

Summons was originally served by personal service upon a representative of the defendant at defendant's office in New York City. That service was quashed, as not being in accordance with Rule 4 of the Federal Rules. Plaintiff thereafter reissued service against defendant by having the same issued by certified mail to Mr. Barry Meister, 1812 Radnor Road, Cleveland Heights, Ohio.

Defendant has now moved to quash the second attempted service, and renewed a prior motion to dismiss for want of personal jurisdiction. Defendant has, however, suggested that the problems posed by that motion could be resolved by transferring this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a).

This action is a special statutory proceeding. 15 U.S.C. § 1071(b) grants to a party aggrieved by a decision of the Trademark Trial and Appeal Board a remedy for review by way of civil action. 15 U.S.C. § 1071(b)(4) provides that where there is an adverse party, suit may be instituted against such party, and that if there are multiple adverse parties residing in a plurality of judicial districts in different states the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties.

It thus appears that the District of Columbia is vested with jurisdiction and venue in cases of multiple defendants. However, as section 1071 is silent as regards a single adverse party, it follows that the general law controlling on those subjects must apply.

Subject matter jurisdiction is granted under 28 U.S.C. § 1338(a) as to "any civil action arising under any Act of Congress relating to patents, copyrights

and trademarks". While section 1400 of the Judicial Code contains special venue provisions regarding patents and copyrights, there is no special venue provision as to trademarks. It would thus appear that the general venue statutes apply to the within action. *See*, Barr Rubber Products Co. v. Burlington Mills, Inc., 113 U.S.App.D.C. 108, 306 F.2d 268 (1962); Colgate-Palmolive Company v. North American Chemical Corp., 238 F. Supp. 81 (S.D.N.Y., 1964); Diva Laboratorium Aktiengesellschaft v. DeLoney & Co., 237 F.Supp. 868 (D.C.1965).

This is not an action founded only on diversity of citizenship. Therefore, it must be controlled by 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

and by 28 U.S.C. § 1391(c), which provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

■ Defendant Faberge is not incorporated or licensed to do business in Ohio. Plaintiff's claim did not arise in this jurisdiction. Consequently, venue will only lie if the defendant can be considered a resident within this judicial district by reason of "doing business" herein.

It is stated that this concept of "doing business" as an alternative basis for venue is "an easy matter to determine in many situations, but a difficult one in the borderline case," and that by reason of the application of varying factors "there is a great deal of confusion among the decisions" as to the meaning of such term. 1 Moore's Federal Practice, 2d ed. ¶ 0.142 [5.–3].

■ In the Court's opinion, the factual foundation for venue having been challenged by defendant, it is incumbent upon plaintiff to support the laying of venue in this district. This has not been done.

■ These considerations as to venue are independent of the issues as to sufficiency of service. Venue is a matter of amenability to suit in a particular district. Sufficiency of service involves the question as to whether a defendant otherwise subject to suit has been properly summoned before the court.

Rule 4 of the Federal Rules of Civil Procedure controls on the matter of process. Rule 4(d)(3) governs on corporate service, and provides that service may be made:

. . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

As to the territorial limits of effective service, Rule 4(f) provides that "all process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state." Rule 4(e) applies to service "upon party not inhabitant of or found within state". It provides that:

Whenever a statute of the United States or an order of court thereunder provides for service of a summons, . . . upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for

service of a summons, . . . upon a party not an inhabitant of or found within the state . . . service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

■ From affidavits submitted on behalf of defendant, it appears that Mr. Meister, upon whom service was made, is a local sales representative of defendant of quite limited authority. Mr. Meister is clearly not an officer, managing or general agent, or otherwise authorized to receive service of process. Consequently, service upon him must fail.

The reason that the Court has entered into a review of the law generally applicable to matters of venue and process is that, while there is but a specific issue before the Court at this time, it does appear to the Court that plaintiff may never be able to require defendant to submit to suit in this jurisdiction. That contingency must be taken into account at this time.

■ From defendant's affidavits, it appears that there is no representative of defendant within the territorial limits of the Court's jurisdiction upon whom service could be made as an officer, managing or general agent, or person authorized to receive service. Consequently, any possible effective service would have to be extraterritorial. The Court has not found any statute of the United States which would authorize such service in this case. Basically speaking, the Ohio long-arm statute, O. R.C. § 2307.382, applies to causes of action which arise from acts bearing some relationship to the State of Ohio. The claim asserted herein would not come within the terms of that statute.

■ Therefore, while it is *possible* that venue may exist in this case by reason of defendant's general business activities in Ohio, it appears highly unlikely that plaintiff can effect service upon defendant in such manner as to require defendant to submit itself to the court's jurisdiction. While the Court is sympathetic to plaintiff's claim that he cannot effectively prosecute this *pro se* action in any other jurisdiction, the Court cannot exercise personal jurisdiction where it does not exist.

Under these circumstances, service is quashed upon Mr. Meister; plaintiff shall within forty-five days either procure good service upon defendant, or consent to a transfer of this action as proposed by defendant; if plaintiff does not effect service or consent to transfer, the action shall be dismissed for want of prosecution.

It is so ordered.