The LUBRIZOL CORPORATION,
Plaintiff,

v.

NEVILLE CHEMICAL COMPANY,
Defendant.

Civ. A. No. C78–32A.

United States District Court,
N. D. Ohio, E. D.

June 27, 1978.

D. Peter Hochberg, Cleveland, Ohio, for plaintiff.

Bryan Leitten, Alexandria, Va., Thomas P. Meaney, Jr., Cleveland, Ohio, for defendant.

## ORDER

CONTIE, District Judge.

The present action is before the Court upon defendant's motion to dismiss or, in the alternative, to transfer to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). Upon consideration and for the reasons stated below, said motion shall be granted in part and this action shall be transferred to the United States District Court for the Western District of Pennsylvania.

Plaintiff, The Lubrizol Corporation, is organized under the laws of the State of Ohio and has its principal place of business within Ohio. Defendant Neville Chemical Company, is a Pennsylvania corporation having its principal place of business at Neville Island, Pittsburgh, Pennsylvania.

This action was instituted as an appeal from a decision of the Trademark Trial and Appeal Board of the United States Patent Office denying plaintiff's requested registration of the trademark "LZ". That registration had been opposed in the patent office by defendant.

The defendant has described the present motion as follows:

This is a Motion to Quash the attempted service of the summons and complaint, and also a Motion to Dismiss the complaint for lack of personal jurisdiction and insufficiency of service of process. Should the Court find that Justice so requires, defendant would consent to a transfer of this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) in lieu of dismissal.

It is clear, therefore, that defendant has raised the defense of lack of jurisdiction over the person pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, and the defense of insufficiency of process pursuant to Rule 12(b)(4), Federal Rules of Civil Procedure. A finding of lack of personal jurisdiction or of insufficiency of process alone, however, would not permit the Court to transfer this action pursuant to 28 U.S.C. § 1406(a). Said section is as follows:

The district court of a district in which is filed a case laying *venue* in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(Emphasis added.) It is clear, therefore, that in addition to raising defenses pursuant to Rule 12(b)(2) and Rule 12(b)(4), defendant has also raised the defense of improper venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure. Inasmuch as plaintiff has implicitly recognized that defendant, by the present motion, has raised the defense of improper venue, the Court finds said defense to have been sufficiently raised to permit the Court to address it.[1]

As stated at the outset, defendant is a Pennsylvania Corporation having its principal place of business in Pennsylvania. It is not licensed to do business in Ohio.[2] A copy of the complaint and summons in the present action were mailed by certified mail to the defendant at 1535 Preston Avenue, Akron, Ohio. The affidavit of James E. Smead, submitted in support of the present motion, establishes that said address is that

---

1. Plaintiff, in its brief in opposition to the present motion, has stated:

   Furthermore, if the Court is inclined to grant the Motion, Lubrizol respectfully requests that this action be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Amerio Contact Plate Freezers, Inc.*

   *v. Knowles,* 107 U.S.App.D.C. 81, 82, 274 F.2d 590, 591 (1960). Neville has stipulated consent to such a transfer in its Memorandum.

2. Defendant was licensed to do business in Ohio between 1933 and 1973. On December 31, 1973, however, it surrendered its license and is no longer an "active entity . . . with the State of Ohio."

of his residence. The affidavit of David N. Clark, also submitted in support of the present motion, contains a statement that Mr. Smead's office is in his home. In opposition to the present motion, plaintiff has submitted numerous documents, including defendant's 1978 price list, certain sales literature, and a 1976 price list. Said three items identify 1535 Preston Avenue as a "Branch Office" of Neville Chemical Company.

Mr. Smead is employed by defendant for the purpose of soliciting purchase orders on different accounts. Purchase orders obtained by Mr. Smead are forwarded to defendant in Pittsburgh for acceptance. Goods sold pursuant to such purchase orders are shipped into Ohio from Pittsburgh, Pennsylvania.

In addition to Mr. Smead, whose territory covers the northern portion of the state of Ohio, defendant employs a second individual in Cincinnati, Ohio. Said individual performs similar duties in the southern portion of Ohio.

Defendant maintains no warehouse or any stock of goods within Ohio. It does maintain telephone listings in three Ohio cities.[3]

This Court has subject matter jurisdiction over the present controversy pursuant to 28 U.S.C. § 1338(a). Said section provides, in part, as follows:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. . . .

■ When an action is brought in a district court in which subject matter jurisdiction exists but venue is improper, the court may transfer to a proper venue without regard to whether personal jurisdiction has been attained. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *see also In Re Library Editions of Children's Books*, 299 F.Supp. 1139 (Jud. Pan.Mult.Lit., 1969). Inasmuch as this

Court has determined that venue is improper within this jurisdiction and that transfer is in the interest of justice, it is not necessary to consider defendant's assertions of insufficient service of process and lack of personal jurisdiction.

Section 1400 of Title 28 provides for venue of actions arising under the copyright laws and for actions based upon patent infringement. It is silent, however, concerning trademarks. It appears, therefore, that the general venue statutes apply to the present action. *Besuner v. Faberge, Inc.*, 379 F.Supp. 278 (N.D.Ohio, 1974).

The venue statute relevant to the present action is 28 U.S.C. § 1391(b). Said section is as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

■ Plaintiff has asserted that the present claim "arose" within Ohio. The Court, however, cannot agree. The present claim arose from defendant's opposition to plaintiff's attempted trademark registration. Said opposition does not have such a connection with the State of Ohio to permit a finding that it arose within this jurisdiction. *See Besuner*, supra at 280. Venue is not appropriate within this district, therefore, unless defendant can be found to reside here.

Section 1391(c) provides:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

As stated previously, defendant is neither incorporated nor licensed to do business within the State of Ohio. For venue to be proper within this jurisdiction, therefore, would require a finding that defendant is "doing business" within Ohio.

---

**3.** In its brief in support of the present motion, defendant asserted that two of these listings are for answering services and the third is for an independent manufacturer's representative that also solicits orders for acceptance outside Ohio.

In its memorandum in opposition to the present motion, plaintiff has discussed at length *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972). Said decision, however, addresses the permissible scope of personal jurisdiction exercisable pursuant to Ohio's Long-Arm Statute and is irrelevant to the present discussion of "doing business" as used in Section 1391(c).[4] In determining whether personal jurisdiction is appropriate, at least in cases relying upon diversity of citizenship for jurisdiction, it is necessary for a federal court to examine the state law to discover whether the forum state has provided its courts with the full scope of jurisdiction permissible under the Fourteenth Amendment.[5] If that question is answered positively, it is then necessary to determine the permissible scope of personal jurisdiction within the constraints of the Fourteenth Amendment's due process clause. *See In-Flight,* supra at 224. Venue, on the other hand, involves neither state law nor constitutional restraints. Rather, it is purely a question of interpretation of a federal statute. This Court finds that by using the term "doing business" in Section 1391(c), Congress intended to require more than simply that the defendant be amenable to service of process. *Trinity Metals v. Andy International, Inc.*, 424 F.Supp. 966, 968 (E.D.Pa.1977); *P. C. Products Corp. v. Williams*, 418 F.Supp. 331 (M.D.Pa.1976); *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 889 (S.D.N.Y.1974); *Scott Paper Company v. Scott's Liquid Gold, Inc.*, 374 F.Supp. 184, 189 (D.Del.1974); *Rheem Manufacturing Co. v. Johnson Heater Corp.*, 370 F.Supp. 806, 809 (D.Minn.1974).[6]

4. Although some commentators have urged that if a corporation has such minimum contacts with a state that the exercise of personal jurisdiction would be permissible it should be assumed that venue is proper, this Court rejects that view. *See* 15 C. Wright & A. Miller, Federal Practice and Procedure § 3811 at 68; 1 Moore's Federal Practice, § 0.142[5.–1–3], at 1411. Even if the Court were to accept such position, however, it has grave misgivings concerning its personal jurisdiction over defendant and, thusly, venue. To satisfy the minimal contacts test of *In-Flight*, it is necessary for the cause of action to have arisen from defendant's activities within Ohio. As previously stated, plaintiff's cause of action grew out of defendant's opposition to plaintiff's proposed trademark registration, not out of defendant's activities within Ohio. Exercise of personal jurisdiction over defendant in the present case, therefore, would require more than a finding of the minimal contacts of *In-Flight*. *See Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). *See also Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 377 (6th Cir. 1968) ("In considering this Act, we can put to one side cases where the activities of a corporation are sufficient to justify the assumption of jurisdiction even for causes of action arising outside the forum state.").

5. A similar analysis is necessary in federal question cases in which service of process is accomplished by way of a state long-arm statute. Restraints on a state's exercise of personal jurisdiction are founded upon the Fourteenth Amendment which does not restrain the Federal Government. *See Goldberg v. Mutual Readers League, Inc.* 195 F.Supp. 778 (D.C.Pa.,

1961). In order to obtain personal jurisdiction over a defendant, however, there must be a means for service of process on said defendant. Rule 4(f), Federal Rules of Civil Procedure, limits the effective service obtainable in a district court to the territorial limits of the state in which the court is held unless "authorized by a statute of the United States or by these rules." Rule 4(e), Federal Rules of Civil Procedure, provides for the use of the long-arm statute of the state in which a district court is held. As stated by the court in *In-Flight* concerning Ohio's long-arm statute:

> While Ohio Rule of Civil Procedure 4.3 authorizes the use of certified mail service, upon nonresident defendants, such service is effective only where a valid basis for in personam jurisdiction over the defendant exists, as the Ohio Rule implicitly recognizes.

*In-Flight*, supra at 224 n. 3. When a district court obtains service by use of a state long-arm statute, therefore, such service is effective only on defendants that the Due Process Clause of the Fourteenth Amendment would permit the forum state to exercise personal jurisdiction over. *See Amburn v. Harold Forster Industries, Ltd.*, 423 F.Supp. 1302 (E.D.Mich., 1976).

6. As stated in *P. C. Products Corp. v. Williams*, 418 F.Supp. 331, 331–32, this is not a unanimous view:

> With respect to the test to be applied, the courts are divided. Some courts hold that if a corporation is subject to service of process for personal jurisdiction purposes, it is "doing business" for venue purposes. *See Houston Fearless Corp. v. Teter*, 318 F.2d 822, 825 (10th Cir. 1963); *Warner Press, Inc. v. Warner Brooks, Inc.*, 366 F.Supp. 187 (S.D.Ind.

Having concluded that "doing business" within Section 1391(c) requires more than amenability to service of process, it still remains to be determined exactly what test is to be applied. The District Court for the Eastern District of Pennsylvania, in *Remington Rand Inc. v. Knapp-Monarch Company*, 139 F.Supp. 613, 620–21 (E.D.Pa. 1956), articulated what this Court believes to be the appropriate test:

> [A] corporation will be held to be "doing business" for purposes of § 1391(c) if its activities within the district are such that its business has become localized and is an operation within the district so that some state would probably require the foreign corporation to be licensed as a condition precedent to doing that business . . .

(Footnote omitted.)

Applying the above test to the present defendant, construing the facts most favorably to plaintiff, this Court cannot conclude that defendant's business can in any way be found to be "localized" within the State of Ohio to such a degree that some state would require it to be licensed.[7] Accordingly, the Court finds that venue is improper within this district.

The parties have agreed that if the Court should reach the conclusion that venue is improper within this district, transfer would be preferable to dismissal. Inasmuch as defendant is a resident of the Western District of Pennsylvania, it appears that this action could have been instituted in that district.

Accordingly, the Court finding that the interest of justice will be furthered thereby, this action is hereby transferred to the District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

1973); *Kanton v. United States Plastics, Inc.*, 248 F.Supp. 353, 359 (D.N.J.1965). *See also* cases cited in 1 Moore's Federal Practice, Section 0.142 (5.–1–3), pp. 1411–1412 n. 43. See also 1 Moore's Federal Practice, Section 0.142 (5.–1–3), pp. 1411–1413, in which Moore states that "we believe that if a corporation is amenable to service of process it should be held to be 'doing business' for venue purposes." *Id.* at 1411. None of these authorities, however, offer any substantial discussion of the issue. The cases simply adopt that rule *without discussion,* and Moore merely states "If it is not unfair to subject the corporation to the court's jurisdiction by service of process, it seems wise and not unfair to hold that there is a proper venue . . . ." *Id.* at 1413.

7. It is important to note that the law of Ohio does not control on this issue. *See Remington Rand Inc. v. Knapp-Monrach Company*, 139 F.Supp. 613, 619 (E.D.Pa.1956).