**Ellec MOSLEY, Appellant,**

v.

**NATIONWIDE PURCHASING, INC. and Kuni Cadillac, Inc., Appellees.**

**No. DC–12.**

Temporary Emergency Court of Appeals.

Oct. 9, 1973.

---

David C. Niblack, Niblack & Whalen, Washington, D. C., for appellants.

Kidders H. Friedman, Trammell, Rand, Nathan & Lincoln, Washington, D. C., for appellees; Michael Finn, Kaplan & Finn, Southfield, Mich., and Michael J. Walsh, Rankin, Walsh, Ragen & Roberts, Portland, Or., on the briefs.

Before TAMM, Chief Judge, VAN OOSTERHOUT and HASTINGS, Judges.

TAMM, Chief Judge:

This action was commenced in the United States District Court for the District of Columbia by the appellant, Ellec Mosley. Mr. Mosley alleged willful overcharge in violation of the Economic Stabilization Act of 1970 and sought treble damages under § 210 of the Economic Stabilization Act Amendments of 1971, 12 U.S.C. § 1904 (Supp. II, 1972). Service was made on both defendants under 13 D.C.Code § 13–423(a) (Supp. V, 1972).[1]

Defendant-appellee Kuni Cadillac, Inc. (hereinafter Kuni), an Oregon corporation, timely moved to dismiss the action on the ground that the district court lacked personal jurisdiction because Kuni was not "transacting any business" within the District of Columbia. Defendant-appellee Nationwide Purchasing, Inc. (hereinafter Nationwide), a Michigan corporation, timely moved to dismiss on the ground that venue was improper, 28 U.S.C. §§ 1391(b) and (c) (1970)[2] not having been satisfied. Alternatively, Nationwide requested a change of venue to the United States District Court in Detroit, Michigan, pursuant to 28 U.S.C. § 1406(a) (1970).[3] The district court granted Kuni's motion to dismiss and Nationwide's motion for change of venue. From these rulings appellant takes this appeal. For the reasons set out below, we affirm.

Before considering the issues raised by appellees' motions, the pertinent facts may be briefly stated. Sometime prior to September 17, 1971, appellant Mosley, a District of Columbia resident, made inquiry to Nationwide concerning the purchase of a 1972 Cadillac automobile. On September 17, 1971, Nationwide sent appellant a letter acknowledging his inquiry together with a purchase order. This purchase order was executed by appellant and returned by mail to Nationwide along with a deposit.

Nationwide thereupon telephoned Kuni about the possibility of obtaining the Cadillac desired by appellant. This inquiry was formalized by a purchase order from Nationwide to Kuni dated December 29, 1971. Kuni ordered the

---

1. 13 D.C.Code § 13–423(a) (Supp. V, 1972) reads in pertinent part:
 (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
 (1) transacting any business in the District of Columbia . . . .

2. 28 U.S.C. §§ 1391(b) and (c) (1970) state:
 (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except, as otherwise provided by law.

 (c) A corporation may be sued in any judicial district in which it is incorporated, or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

3. 28 U.S.C. § 1406(a) (1970) states:
 (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice transfer such case to any district or division in which it could have been brought.

automobile from the factory, paid for it, and delivered it to Nationwide in Detroit.

On December 30, 1971, Nationwide sent appellant a letter acknowledging receipt of his deposit, and informing him that his automobile had been ordered from the factory. Enclosed in the letter were several forms which appellant executed and returned to Nationwide. In early March, 1972, appellant mailed a cashier's check to Nationwide for the balance due on the automobile. On March 18, 1972, appellant traveled to Detroit and accepted delivery of his automobile at the home of a Nationwide employee.

Appellees Kuni and Nationwide have successfully challenged the maintenance of this action in the District of Columbia, each for different reasons. Therefore, each appellee will be considered separately.

*Appellee Kuni Cadillac, Inc.*

Kuni challenges service of process under 13 D.C.Code § 13–423(a)(1) (Supp. V, 1972) which appears in the margin *supra.* The trial court dismissed as to Kuni holding that: "Under the circumstance of this case, plaintiff has failed to show that defendant Kuni Cadillac transacted 'any business in the District of Columbia,' or that it had the requisite 'minimum contacts' in this jurisdiction." Mosley v. Nationwide Purchasing, Inc., Civil Action No. 470–73, 3 (D.D.C., June 22, 1973) (footnotes omitted).

 13 D.C.Code § 423(a)(1) is modeled after the Uniform Interstate and International Procedure Act. It has been noted that the "transacting business" section here under consideration has been given "broad interpretation, normally limited only by due process considerations." Margoles v. Johns, 483 F.2d 1212, at 1218 (D.C.Cir., 1973). However, an elaborate discussion of the leading cases is not required here. Kuni has not "transacted any business" in the District, however broadly the phrase be interpreted. Kuni was not solicited by appellant, nor paid by him. Kuni maintains no office nor agent in the District. Kuni sold an automobile to Nationwide and thereafter exercised no control over nor had any knowledge of the price at which the automobile would finally be sold to appellant. Clearly, Kuni has taken no action to connect it with the District. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Appellant attempts to rely upon Liberty Mutual Insurance Co. v. American Pecco Corp., 334 F.Supp. 522 (D.D.C. 1971). Appellant's reliance is misplaced. The court in that case was interpreting the reach of sub-section (a)(4) of the long-arm statute. In this case, however, appellant must meet the requirements of sub-section (a)(1) and he has alleged no ties between Kuni and the District.

Finally, it is to be noted that appellant in his complaint alleged that Kuni did business "in the District of Columbia through its agent Nationwide Purchasing." The record contains no evidence of any agency relationship between the two appellees; they merely transact business from time to time.

Appellant has the burden of proof in establishing jurisdiction over Kuni. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936). We agree with the trial court that appellant has failed to allege facts sufficient to satisfy this burden. Therefore, we affirm the dismissal as to Kuni without prejudice to appellant in the event he can establish jurisdiction elsewhere.

*Appellee Nationwide Purchasing, Inc.*

The trial court granted Nationwide's motion for change of venue to Detroit, Michigan pursuant to 28 U.S.C. § 1406(a) (1970), saying "[T]he record indicates that the proper venue for this litigation is Detroit, Michigan. Accordingly this cause of action is hereby transferred to the United States District Court in Detroit, Michigan, for a fair disposition on the merits." Mosley v. Nationwide Purchasing, Inc., Civil Ac-

tion 470–73, 3 (D.D.C., June 22, 1973). The trial court necessarily must have found that the District of Columbia was the "wrong district" within the language of 28 U.S.C. § 1406(a).

In this case, not founded solely on diversity, venue is proper in the judicial district where Nationwide "resides". 28 U.S.C. § 1391(b). A corporation's residence is defined by § 1391(c) to be that district where the corporation is 1) incorporated; or 2) licensed to do business; or 3) doing business. Nationwide is neither incorporated nor licensed to do business in the District of Columbia. The question thus becomes whether Nationwide is "doing business" in the District.

■ An examination of the record clearly indicates that the instant transaction had but one tie to the District of Columbia, i. e., the presence of the plaintiff-appellant. The appellant has made no showing that Nationwide has any contact with the District whatsoever. Nationwide appears to have no office in the District, no agent here, no telephone listing, no bank accounts, no local advertising, nor a systematic mailing of brochures into the District. Additionally, appellant accepted delivery of the automobile in Detroit.

Appellant makes the argument that the contract for sale of the automobile was made in the District when the appellant signed and mailed the purchase order. We agree with the trial court that the purchase order constituted an offer by appellant to Nationwide and was not binding upon the parties until Nationwide accepted the terms and conditions of sale. Eliason v. Henshaw, 17 U.S. (4 Wheat.) 225, 4 L.Ed. 556 (1819); Transit Bus Sales v. Kalamazoo Coaches, 145 F.2d 804, 806 (6th Cir. 1944).

Under the facts of this case as contained in the record, we believe the trial court correctly concluded that Nationwide was not "doing business" within the District of Columbia as required by 28 U.S.C. §§ 1391(b) and (c). See, e. g., Martin v. Fischbach Trucking Co., 183 F.2d 53 (1st Cir. 1950); Employers Liability Assur. Corp. v. Lejeune, 189 F.2d 521 (5th Cir.), cert. denied sub nom. Lejeune v. Excess Insurance Co., 342 U.S. 869, 72 S.Ct. 111, 96 L.Ed. 653 (1951). Venue was therefore laid in the "wrong district" and transfer "in the interests of justice" under section 1406(a) was within the discretion of the trial court.

It is to be noted that appellee Nationwide has raised no objection to service of process under 13 D.C.Code § 13–423(a)(1). Accordingly we need express no opinion on the question of whether Nationwide's activities would meet the "transacting any business" standard of that statute.[4]

The rulings of the trial court are therefore

Affirmed.

---

4. Thus we have a situation in which jurisdiction is proper (i. e. at least not contested), but venue is found improper, the corporation not "doing business" within the meaning of 28 U.S.C. § 1391(c). The test for "doing business" under § 1391(c) is a federal test. Rensing v. Turner Aviation Corp., 166 F.Supp. 790, 795 (N.D.Ill.1958). This § 1391 test is not necessarily the same as that under a state long-arm statute used to acquire jurisdiction over a foreign defendant. See, e. g., Rensing v. Turner Aviation Corp., supra at 796; Remington Rand, Inc. v. Knapp-Monarch Co., 139 F.Supp. 613, 618–619 (E.D.Pa. 1956); Carter v. American Bus Lines, 169 F.Supp. 460, 469–470 (D.Neb.1959).