P. C. PRODUCTS CORPORATION,
Plaintiff,

v.

T. A. WILLIAMS, individually and trading as T. A. Williams Co., et al., Defendants.

Civ. No. 75–743.

United States District Court,
M. D. Pennsylvania.

May 20, 1976.

Joseph J. Musto, Wilkes-Barre, Pa., for plaintiff.

Stephen A. Teller, Jonathan C. Teller, Wilkes-Barre, Pa., for defendants.

MEMORANDUM

NEALON, District Judge.

Defendant, American Electric Corporation, (American Electric) has filed a motion to dismiss for improper venue, or, in the alternative, to transfer the suit to a more convenient forum. With respect to the motion to dismiss, the parties agree that the dispositive issue is whether American Electric is "doing business" within this district within the meaning of the general venue statute, 28 U.S.C. § 1391(c). This issue, in turn, actually consists of two issues: (1) what test is used to determine what is "doing business" within the meaning of Section 1391(c)—is it the constitutional test of whether a corporation is subject to the *in personam* jurisdiction of a court, or some stricter test that requires a greater quantum of activity within a district to render venue proper than is required to establish personal jurisdiction; and (2) once the correct test is decided upon, whether venue is proper in this case under that test.

With respect to the test to be applied, the courts are divided. Some courts hold that if a corporation is subject to service of process for personal jurisdiction purposes, it is "doing business" for venue purposes. See *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 825 (10th Cir. 1963); *Warner Press, Inc. v. Warner Brooks, Inc.*, 366 F.Supp. 187 (S.D.Ind.1973); *Kanton v. United States Plastics, Inc.*, 248 F.Supp. 353, 359 (D.N.J. 1965). *See also* cases cited in 1 Moore's Federal Practice, Section 0.142 (5.–1–3), pp. 1411–1412 n. 43. *See also* 1 Moore's Federal Practice, Section 0.142 (5.–1–3), pp. 1411–1413, in which Moore states that "we believe that if a corporation is amenable to service of process it should be held to be 'doing business' for venue purposes." *Id.* at 1411. None of these authorities, however, offer any substantial discussion of the issue. The cases simply adopt that rule without discussion, and Moore merely states "If it is not unfair to subject the corporation to the court's jurisdiction by service of process, it

seems wise and not unfair to hold that there is a proper venue . . . ." *Id.* at 1413. .

■ The view that something more than the minimum contacts necessary for personal jurisdiction is required is contained in the following cases. *Mosley v. Nationwide Purchasing, Inc.*, 485 F.2d 418, 421 (Temp. Emer.Ct.App.1973); *Remington Rand v. Knapp-Monarch Co.*, 139 F.Supp. 613 (E.D. Pa.1956); *Philadelphia Housing Authority v. American Radiator and Standard Sanitary Corp.*, 291 F.Supp. 252 (E.D.Pa.1968); *Medicenters of America, Inc. v. T and V Realty and Equipment Corp.*, 371 F.Supp. 1180 (E.D.Va.1974); *Carter v. American Bus Lines*, 169 F.Supp. 460 (D.Neb.1959); *Rensing v. Turner Aviation Corp.*, 166 F.Supp. 790 (N.D.Ill.1958). *See also Martin v. Fischbach Trucking Co.*, 183 F.2d 53 (1st Cir. 1950), in which the defendant corporation, amenable to service under the state's nonresident motorist statute on the basis of the single act of driving in the state which resulted in the accident forming the basis of the lawsuit, was held not to be "doing business" within Section 1391(c) on the basis of that single act. The *Remington-Rand, Rensing* and *Carter* cases contain excellent, in-depth discussions of the issue, and the *Remington-Rand* case is particularly persuasive. On the basis of the persuasiveness of these opinions I conclude that something more than the minimum contacts necessary for personal jurisdiction is required for a corporation to be "doing business" under Section 1391(c).

■ The question remains what quantum of activity constitutes "doing business" within the meaning of Section 1391(c). The court in *Remington-Rand* held that in order for a corporation to be doing business within a district for venue purposes, it must do sufficient business, and have sufficient contacts, in the state to require it to be licensed to do business there, even if it is not licensed in the state in which venue is sought to be established. The court did not propose that the test in each case be whether the corporation may be required to be licensed in the particular state in which ven-

ue is sought to be established, which in this case would be Pennsylvania. Such a standard would cause federal. venue to vary with the state in which venue is sought to be established. Rather the court stated that the test should be what would generally enable a state to require licensing, even though it.might not be enough, or be more than enough, in some states. The court articulated the test as follows: ". . . the activity must be of such a nature so as to localize the business and make it an operation within the district." 139 F.Supp. at 617. Other courts are in substantial agreement with the *Remington-Rand* formulation of the test. *See Carter v. American Bus Lines*, 169 F.Supp. 460, 470 (D.Neb. 1959); *Rensing v. Turner Aviation Corp.*, 166 F.Supp. 790, 795–796 (N.D.Ill.1958). That test will be applied here.

Whether venue in this case is proper under the *Remington-Rand* test requires little discussion. Plaintiff does not dispute that American Electric has engaged in very little activity within Pennsylvania, *see* Answers to Interrogatories, Document No. 31 in the record, and that its activity would not amount to "doing business" under the *Remington-Rand* licensing test. Under these circumstances, the motion to dismiss will be granted.