## TRINITY METALS

v.

## ANDY INTERNATIONAL, INC.

### Civ. A. No. 76–1186.

United States District Court,
E. D. Pennsylvania.

Jan. 11, 1977.

Mitchell S. Lipschutz, Philadelphia, Pa., for plaintiff.

John Mattioni, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

Plaintiff Trinity Metals, Inc., a New Jersey corporation with offices in New Jersey, and plaintiff Trinity Caribbean, Inc., a Puerto Rican corporation with offices in New Jersey, are in some manner affiliated. These two corporations brought this action for misrepresentation and breach of contract against defendant Andy International, Inc., a Texas corporation with offices in Texas. Jurisdiction is predicated upon diversity of citizenship. The defendant, Andy International, Inc., has filed a motion to transfer this action to the United States District Court for the District of Puerto Rico. In support of its motion, the defendant contends that venue does not lie in the Eastern District of Pennsylvania and that, even if venue does lie in this District, the District Court in Puerto Rico is a more convenient forum.

This suit arose out of Trinity Caribbean's purchase from defendant of a former United States Navy destroyer which was sold to the defendant by the government. The contract between Trinity and Andy International for the purchase and sale of the destroyer was executed and signed in San Juan, Puerto Rico, where the vessel was then located and where it is still located. Trinity Caribbean began scrapping the destroyer in Puerto Rico. None of the negotiations or communications preceding or following the sale of the destroyer occurred in Pennsylvania. It is undisputed that plaintiff corporations do not now conduct business, nor have they ever conducted business, in Pennsylvania. It is also undisputed that defendant Andy International does not have an office nor an agent in Pennsylvania. The only connection that this suit appears to have with this District is the fact that plaintiffs' attorney is a member of the bar of this Court.

Venue in a diversity case is determined by 28 U.S.C. § 1391. § 1391(a) provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

§ 1391(c) provides:

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Neither of the plaintiff corporations nor the defendant corporation is incorporated or licensed to do business in this District. It is admitted that the plaintiff corporations are not "doing business" in this District. We must therefore determine whether the defendant is "doing business" in this District within the meaning of those words as used in § 1391(c).

■ In the Eastern District of Pennsylvania, "doing business" within the meaning of § 1391(c) is not coextensive with the "minimum contacts" definition of "doing business" in connection with service of process which has developed in the wake of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In *Philadelphia Housing Authority v. American Radiator & S. San. Corp.*, 291 F.Supp. 252, 257 (E.D.Pa.1968), the Court said:

> [T]he prevailing view in this Eastern District is that "[i]n determining how much activity within a district a foreign corporation must engage before such activity will constitute 'doing business' for purposes of federal venue, the basic consideration is whether a license would be required of the foreign corporation as a condition precedent to carrying on that activity." *Remington Rand, Inc. v. Knapp-Monarch Co.*, 139 F.Supp. 613, 617 (E.D.Pa.1956). There Judge Wright rejected the *International Shoe* "minimum contacts" interpretation of doing business as applied in "service of process" questions. See *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Thus more activity is needed to subject a defendant corporation to venue in a jurisdiction than would be needed to subject it to service of process there.

Both *Remington* and *American Radiator* make it clear, however, that the determination of whether a license would be required of the foreign corporation should not be dependent upon the licensing requirements of the state in question, but requires the application of a uniform federal standard. In *Remington*, the Court said, 139 F.Supp. at 620–621:

> In view of the principle enunciated earlier, namely, a corporation will be held to be "doing business" for purposes of § 1391(c) if its activities within the district are such that its business has become localized and is an operation within the district so that some state would probably require the foreign corporation

to be licensed as a condition precedent to doing that business . . .. (footnotes omitted).

See also *Fox-Keller, Inc. v. Toyota Motor Sales*, 338 F.Supp. 812 (E.D.Pa.1972) (VanArtsdalen, J.).

■ Based upon answers to interrogatories, it appears that during the course of defendant's existence and prior to the institution of this legal action, it had placed bids with the United States Government in the state of Rhode Island for the purchase of two or three destroyers which were berthed at the time in the Philadelphia Naval Yard. Some months after the complaint was filed in this action the defendant also purchased a Panamanian vessel that was docked in Philadelphia, pursuant to a transaction consummated in Wilmington, Delaware. The above incidents are the only contacts the defendant has had in this District. The fact that over a period of years the defendant corporation has on occasion purchased ships berthed in the Philadelphia area as a result of negotiations conducted and culminated elsewhere does not constitute doing business to the extent necessary to require it to be licensed in this or any other state. Considerably more business activity must be engaged in by a foreign corporation before it is required to be licensed in any state. The defendant has had no office in the District, no agent in the District, no telephone listing in the District, no bank account in the District, and has not systematically or regularly conducted business in this District. See *Mosley v. Nationwide Purchasing, Inc.*, 485 F.2d 418 (Em.App. 1973). We find that the defendant was not "doing business" within the meaning of 28 U.S.C. § 1391(c).

Venue would, of course, be proper in this District pursuant to § 1391(a) if the claim arose in this District. As we have already pointed out, however, nothing in connection with this transaction occurred in this District, thus eliminating this basis for venue.

■ The defendant does not ask this Court to dismiss the action but requests that the action be transferred to the District Court for the District of Puerto Rico.

In view of our finding that venue is improper here, we shall, in the interest of justice, transfer this case to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1406(a), which provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In defendant's motion to transfer and plaintiff's answer thereto, the parties agree that this action could have been brought in the District of Puerto Rico. All negotiations by the parties for the sale of the destroyer took place in Puerto Rico; the Bill of Sale was signed by the parties in Puerto Rico; the vessel was berthed during the period of negotiations in Puerto Rico; and still remains in Puerto Rico. The Court therefore enters the following Order:

## ORDER

AND NOW, to wit, this 11th day of January, 1977, upon consideration of defendant's motion to transfer and the opposition thereto, it is ORDERED that this case is transferred to the United States District Court for the District of Puerto Rico.