**WATSON McDANIEL CO.**

v.

**NATIONAL PUMP and CONTROL, INC.**

**Civ.A. No. 79–1301.**

United States District Court,
E. D. Pennsylvania.

Sept. 27, 1979.

Brian McDevitt, Fox, Ditter, Callahan, Norristown, Pa., for plaintiff.

**20**

Jon C. Sirlin, Wasserstrom & Chucas, Philadelphia, Pa., for defendant.

## MEMORANDUM

### JOSEPH S. LORD, III, Chief Judge.

This is an action to recover the purchase price of goods sold and delivered. Plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania and the defendant is a New Jersey corporation with its principal place of business in New Jersey. Jurisdiction is based on diversity of citizenship. Service upon the defendant was effected under the provisions of the Uniform Interstate and International Procedure Act, 42 Pa.Cons.Stat.Ann. § 5321 *et seq.* (Purdon 1979) (Pennsylvania's "long-arm statute"). Defendant has filed a motion to dismiss alleging lack of personal jurisdiction and improper venue. The motion will be denied.

Section 5322(a) of the long-arm statute defines certain specific activities that, under the statute, will subject a nonresident to Pennsylvania jurisdiction. However, it is no longer necessary to wrestle with the problem of whether a given defendant's conduct falls within any one or more of the categories of subsection (a). Subsection (b) of § 5322 provides as follows:

(b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

And in *Inpaco, Inc. v. McDonald's Corp.,* 413 F.Supp. 415 (E.D.Pa.1976) Judge Ditter succinctly described the effect of subsection (b) at page 418: "Instead of first determining whether a foreign corporation's contacts with the forum fall within the terms of the applicable statute, and, if so, then determining if the statute as so applied comports

with due process, courts in Pennsylvania may now proceed directly to the constitutional issue." *See also Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974).

■ Certain guiding criteria of constitutionality are by now pretty well established:

(1) The defendant must have minimum contacts with the territory of the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

(2) The defendant must have purposefully availed itself of the privileges of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

(3) The cause of action must arise from the defendant's activities within the forum state. *See Southern Machine Co. v. Mohasko Industries, Inc.,* 401 F.2d 374 (6th Cir. 1968).

(4) The acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *See International Shoe Co., supra* ; *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972).

■ I have no difficulty in concluding that the defendant purposefully did an act within the Commonwealth. It voluntarily entered into a contract in Pennsylvania with a Pennsylvania corporation. *Cf. Proctor & Schwartz, Inc., supra.* This is shown, *inter alia,* by the invoices attached as exhibits to the complaint that show four different orders from the defendant to the plaintiff, one in March and three in May of 1978. The contract was actually concluded in Pennsylvania, since acceptance by the plaintiff in Pennsylvania was the final necessary ingredient to the formation of the contract. The contract was to be performed entirely within Pennsylvania by the manufacturer of the valves embraced by the contract which were to be shipped from and through

Pennsylvania to the defendant in New Jersey.

When obligations entered into by a foreign corporation have a realistic economic impact on the commerce of this Commonwealth and where the defendant should reasonably have foreseen that the transaction would have consequences in this Commonwealth the defendant has purposefully availed itself of the privilege of acting within the Commonwealth.

*Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra,* 228 Pa.Super. at 19–20, 323 A.2d at 15.

Thus in this case by entering into a contract in Pennsylvania that called for performance in Pennsylvania and payment to a corporation in Pennsylvania, the defendant has fulfilled the criterion of purposefully availing itself of the privilege of conducting activities in this state.

It is equally clear that the cause of action arose from the defendant's activities within the Commonwealth of Pennsylvania. The cause of action arises from the breach of the obligations purposefully entered into in Pennsylvania. *Proctor & Schwartz, Inc., supra; Inpaco, Inc., supra.*

Finally, I have no doubt that the exercise of jurisdiction here would be fair and reasonable under the circumstances. The forum state, Pennsylvania, unquestionably has an interest in resolving a suit brought by one of its residents. The contract called for the substantial production of goods within the state and the use of state facilities to transport the product from its origin to its destination.

In addition, the defendant was not a mere passive purchaser from a seller. The complaint, which at this point is uncontradicted, alleges that the valves in question were custom-made to the defendant's specifications. Thus, this was not a mere off-the-shelf purchase, but rather a purchase at least a portion of whose terms was dictated by the defendant to the plaintiff. In *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d at 233, the court said: "To the extent the buyer vigorously negotiates, perhaps dictates, contract terms, * * * and

otherwise departs from the passive buyer role it would seem that any unfairness which would normally be associated with the exercise of long-arm jurisdiction over him disappears." Furthermore, as pointed out in *Proctor & Schwartz, Inc., supra,* 228 Pa.Super. at 21, 323 A.2d at 16, the defendant "should reasonably have anticipated that a failure to make the * * * payments on its obligation would have consequences in this state and could result in its being called to defend itself in the state whose laws governed the contract."

Bearing in mind that "the due process clause defines a rather low threshold of state interest sufficient to justify exercise of the state's sovereign decisional authority with respect to a given transaction," *Aldens, Inc. v. Packel,* 524 F.2d 38, 43 (3d Cir. 1975), it is clear to me that sufficient contacts exist between the defendant and the forum state to conform to procedural due process requirements. For this reason the motion insofar as it is based on lack of *in personam* jurisdiction will be denied.

■ Venue however is another matter. The test for venue is not the minimal contacts with the forum state required for constitutional procedural due process, but rather the venue statute enacted by Congress. That statute, 28 U.S.C. § 1391(c), provides: "(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Although I have sustained *in personam* jurisdiction over the defendant, more activity is required in venue cases than is necessary to satisfy constitutional due process where a question of amenability to service of process is raised on the identical facts.

The considerations involved in determining the proper test for doing business are fully and cogently set forth in *Remington Rand, Inc. v. Knapp-Monarch Co.,* 139 F.Supp. 613 (E.D.Pa.1956). In that case Judge Wright fully explored the reasons underlying the language used in section

1391(c). He concluded that "doing business" means doing business for the purpose of requiring a foreign corporation to be licensed. *Id.*, at 617–18. I accept all of the reasoning and the conclusion of Judge Wright. I add one further thought.

■ Venue for an individual is determined by residence. 28 U.S.C. § 1391(a) (1976). Subsection 1391(c) also provides that the jurisdiction in which a foreign corporation is doing business or licensed to do business is regarded as the residence of such corporation for venue purposes. Regarding "residence" in section 1391(c) and "reside" in section 1391(a) *in pari passu*, it could hardly be said that four purchases by an individual defendant who never physically entered the state would make him a resident of that state for the purposes of venue. For the same reasons the defendant here, by virtue of its four purchases, is not a resident of the Eastern District of Pennsylvania. The defendant has no established place of business here, it sells nothing here, it sends no salesmen into Pennsylvania, it owns no property here; moreover, there is no localization of any activities in Pennsylvania. In short, although the defendant is constitutionally amenable to service of process from the Eastern District of Pennsylvania, it is not doing business or licensed to do business and hence is not resident in this District. For these reasons venue is improper.

This conclusion however does not necessitate the dismissal of the action. T. 28 U.S.C. § 1406(a) (1976) provides: "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." I have concluded that in the interest of justice this case should be transferred to the District of New Jersey under 28 U.S.C. § 1406(a) (1976). I will so order.