## NORTH EASTERN TIMBER (U.S.A.) INCORPORATED

v.

## PINES TRAILER CORPORATION.

### Civ. A. No. 80–2773.

United States District Court,
E. D. Pennsylvania.

Nov. 25, 1980.

E. Harris Baum, Zarwin, Baum, Arangio & Ross, P. C., Philadelphia, Pa., for plaintiff.

Robert A. Swift, Kohn, Savett, Marion & Graf, P. C., Philadelphia, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

The defendant's motion to dismiss poses the questions whether this court has person-

---

al jurisdiction over Pines, and, if so, whether venue is properly laid in this district. I do not reach the ordinarily prior question of jurisdiction, as I find that, in any case, venue is not proper in this district.

## A.

Plaintiff North Eastern Timber agreed to sell Pines certain wooden flooring, at least part of which Pines returned. Timber brought this action to recover monies allegedly owing under the contract of sale.

Timber is a Pennsylvania corporation; Pines is incorporated in Illinois. Pines maintains no offices in Pennsylvania, and indeed has had no contact whatsoever with this state except for the placement of telephone calls here, and a single visit by a Pines representative on July 25, 1977. This visit was made by Stanley Sutton, Pines' Director of Purchasing, while on his way from Illinois to West Virginia, and consisted of a two–and–a–half–hour stop–over made for the purpose of ordering further goods from Timber.

The visit and telephone contacts appear to afford only the slimmest basis for the assertion, pursuant to the Commonwealth's long–arm statute, of the *in personam* jurisdiction of a court situated in Pennsylvania; for I have doubts that Pines has sufficiently availed itself of the privilege of conducting business in this state to be said to have invoked the benefits and protection of its laws in such a sense as to permit the exercise, in this state, compatibly with due process, of judicial jurisdiction. *See generally Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See also Gorso v. Bell Equipment Corp.*, 476 F.2d 1216, 1222–23 (3d Cir. 1973); *Haeberle v. Texas International Airlines*, 497 F.Supp. 1294, No. 80–715 (E.D.Pa.1980). *But see Sterling Industrial Corp. v. Telephone, Inc.*, 484

F.Supp. 1294, 1299 (W.D.Mich.1980) (construing Pennsylvania law).

## B.

But, assuming *arguendo* a tenable basis for the exercise of *in personam* jurisdiction, I conclude venue is lacking. Both parties agree that the matter of venue is controlled by the combination of 28 U.S.C. §§ 1391(a) and (c). And the parties agree that the issue before me is whether, in the words of the latter statute, Pines is "doing business" in this state.[1] That reduces to a determination whether Pines' activity in this state is of the sort for which a license to do business would be required. *Trinity Metals v. Andy International*, 424 F.Supp. 966, 968 (E.D.Pa.1977).[2]

A license is not required for activity consisting of an isolated transaction completed within thirty days, 15 P.S. § 2001(B)(10); *Texas Truck Sleeper Co. v. Artman*, 62 Pa.D. & C.2d 663, 666–67 (C.P. Westmoreland 1972); nor is a license required for "transacting any business in interstate or foreign commerce." 15 P.S. § 2001(B)(9). *See J. W. McAuley Co. v. Hoffmaster*, 73 Pa.D. & C.2d 316, 318 (C.P. Lawrence 1975).

Timber argues that the transaction, even if otherwise thought of as isolated, could not be completed within thirty days, as deliveries were expected that would span a longer time. The argument fails to describe what the "transaction" is. For an out–of–state enterprise to engage in business with a Pennsylvania company may involve nothing more than making/accepting telephone calls and receiving ordered goods–activities which, if not conducted in Pennsylvania, would not involve "doing business" in this state. The "transaction" here can only be what remains over after such usual incidents of interstate business

---

1. By this agreement, the parties have implicitly agreed that section 1391(a)'s language establishing venue where the "claim arose" will not locate this case here. Compare the complaint at ¶ 4.

2. Doing business, in this sense, is not necessarily "doing business" in other senses, including those that lead to a finding of *in personam* jurisdiction. 15 P.S. § 2001(A). *See generally Indian Coffee Corp. v. Proctor & Gamble Co.*, 482 F.Supp. 1098 (W.D.Pa.1980). *See Girard Acceptance Corp. v. Scott Engineering Co.*, 11 Pa.D. & C.3d 740 (C.P.Phila.1979).

are extracted: that is, Mr. Sutton's visit of July, 1977. That, as a "transaction," did not take thirty days.

My holding above–that the balance of the business relationship between these parties cannot be boot–strapped into the meaning of "transaction" through Mr. Sutton's visit– is confirmed when the second exception, relating to interstate business, is considered. 15 P.S. § 2001(B)(9). There, the Pennsylvania Legislature decided that where the intrastate activity is "merely incidental" to that taking place in interstate commerce, the acting company is not "doing business" in this state sufficiently to require a license. *J. W. McAuley, supra. See Damon Coats, Inc. v. Munsingwear Inc.*, 431 F.Supp. 1303, 1309 (E.D.Pa.1977). In the present case, the visit to this state was incidental to the otherwise interstate business between the parties. The visit had no independent significance to the parties: that it took place in Pennsylvania rather than, for example, New Jersey or Delaware; or that it was a personal visit at all, rather than a written or telephone communication (as had been the practice)–these differences were without importance to the purpose of the visit, which was to place further orders for wooden floors. Nor, to the extent venue implicates the interest of the forum state, did Pennsylvania have any more interest in the dealings between these parties because of Mr. Sutton's visit than it would have had without that visit. Thus, there is very little temptation indeed to ascribe a *legal* significance to Mr. Sutton's visit.

In brief, Pines' activity in this case would not require as a condition precedent the issuance of a license by Pennsylvania to do business. Hence, for the purposes of the federal venue statute, 28 U.S.C. § 1391(c), venue is improper in this district and the case must be dismissed.