**CONAWAY ENTERPRISES, INC., Plaintiff,**

v.

**DYNA INDUSTRIES, INC., Defendant.**

**Civ. A. No. 81–2038.**

United States District Court, W. D. Pennsylvania.

Sept. 9, 1982.

Paul Bogdon, Pittsburgh, Pa., for plaintiff.

Walter J. Blenko, Jr., Pittsburgh, Pa., for defendant.

## OPINION

MANSMANN, District Judge.

This matter is before the Court on a Motion for Transfer and Change of Venue filed by Defendant Dyna Industries, Inc. ("Dyna"). Plaintiff, Conaway Enterprises, Inc. ("Conaway"), brought this declaratory judgment action as a result of a dispute over the patent for a traction splint. For the reasons set forth below, Defendant's Motion for Transfer is granted.

\* \* \* \* \* \*

Plaintiff, a Pennsylvania corporation, and Defendant, a California corporation, both manufacture and sell traction splints. It came to Defendant's attention that Plaintiff was manufacturing and marketing a particular traction splint called the "Trac 3." Defendant, by letter dated October 28, 1980, informed Plaintiff that the "Trac 3" constituted an infringement of its patent for the "Hare Traction Splint."

Plaintiff then brought this declaratory judgment action seeking to have Defendant's patent declared invalid and consequently, not infringed by Plaintiff's Trac 3 Traction Splint. Defendant subsequently filed a Motion for Transfer, alleging that venue in the Western District of Pennsylvania is improper. Defendant seeks to have this case transferred to the Southern District of California.

\* \* \* \* \* \*

## VENUE

Defendant contends that venue in this forum is improper because Dyna is not "doing business" in the Western District of Pennsylvania within the meaning of the venue statute, 28 U.S.C. § 1391(c). In this regard, Defendant points out that Dyna is not incorporated in Pennsylvania nor is it licensed to do business in Pennsylvania. Further, Dyna does not maintain an office, salesperson or other representative in Pennsylvania.

Plaintiff contends that venue *is* proper in this forum under 28 U.S.C. § 1391(c). Thus, Plaintiff argues that Dyna is "doing business" in this District within the meaning of § 1391(c) by sending letters of in-

fringement into this District, advertising its products in national publications which are distributed in this District and selling a number of its products in this District.

■ Once venue has been challenged, it is incumbent upon the Plaintiff to establish that venue is proper. *Finance Co. of America v. Bank America Corp.*, 493 F.Supp. 895, 909 (D.Md.1980); *Besuner v. Faberge, Inc.*, 379 F.Supp. 278, 280 (N.D.Ohio 1974).

■ Venue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391,[1] rather than the patent infringement venue statute, 28 U.S.C. § 1400.[2] *Emerson Electric Co. v. Black and Decker Mfg. Co.*, 606 F.2d 234, 238 (8th Cir. 1979); *Dicar, Inc. v. L. E. Sauer Machine Co.*, 530 F.Supp. 1083, 1088 (D.N.J.1982); *Remington Rand, Inc. v. Knapp-Monarch Co.*, 139 F.Supp. 613, 614–615 (E.D.Pa.1956).

Section 1391(b) permits a "civil action wherein jurisdiction is not founded solely on diversity of citizenship" to be brought in the district where the defendant resides or in the district where the claim arose. Section 1391(c) defines the residence of a corporation to be in the district in which it is incorporated, or licensed to do business, or doing business.[3] There is no question that Dyna is not incorporated or licensed to do business in Pennsylvania. Therefore, the only issue is whether Dyna is "doing business" in this District within the meaning of § 1391(c).[4]

■ For a corporation to be "doing business" under § 1391(c), the court must find the existence of activity beyond the minimum contacts required for the positing of *in personam* jurisdiction. *Watson McDaniel Co. v. National Pump & Control, Inc.*, 493 F.Supp. 18, 21 (E.D.Pa.1979); *Papercraft Corp. v. Procter & Gamble Co.*, 439 F.Supp. 1060, 1063 (W.D.Pa.1977); *P. C. Products Corp. v. Williams*, 418 F.Supp. 331, 332 (M.D.Pa.1976), *appeal dismissed*, 556 F.2d 568 (3d Cir. 1977).

■ In determining the amount of activity needed for a foreign corporation to be "doing business" within a district for purposes of venue, the basic test is whether a license would be required of the corporation as a condition precedent to carrying on that activity. *Remington Rand, Inc. v. Knapp-Monarch Co., supra* 139 F.Supp. at 617. Further, the activity must be of such a nature as to localize the business and make it an operation within the district. *Id.* Hence, not only must the business be localized within the district but, quantitatively, the activity must be more than the minimum amount of activity needed to meet a constitutional due process objection to *in personam* jurisdiction. *Id.* at 618. *See also North Eastern Timber (U. S. A.), Inc. v. Pines Trailer Corp.*, 501 F.Supp. 321, 322 (E.D.Pa.1980); *Papercraft Corp. v. Procter & Gamble Co., supra* 439 F.Supp. at 1063; *Trinity Metals v. Andy Int'l, Inc.*, 424 F.Supp. 966, 968 (E.D.Pa.1977).

---

1. 28 U.S.C. § 1391 provides in pertinent part:
   (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.
   (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

2. 28 U.S.C. § 1400 provides in pertinent part:
   (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and

has a regular and established place of business.

3. Counsel for both parties agree that the issue before this Court is whether Defendant is "doing business" in this District within the meaning of § 1391(c). Neither party contends that § 1391(b) is also applicable. Specifically, Plaintiff does not argue that the claim arose here so as to posit venue in this District. Assuming *arguendo* that § 1391(b) had been raised as an issue and is properly part of the venue analysis, this Court would find that the claim did not arise in this District since Plaintiff is seeking to invalidate a patent for a product manufactured by Defendant in California.

4. *See* n.3.

Plaintiff has not demonstrated that Dyna's activity within Pennsylvania, and specifically within the Western District, meets the standard set forth above. Thus, while Dyna does ship a number of its products into the District, it does not consummate its sales through an on-site representative or office.[5] The record does not suggest that Dyna maintains a local phone number or bank account here. Further, there is no evidence that Dyna's business in Pennsylvania differs significantly in nature or volume from its business in the other states (excluding California). While Plaintiff asserts that Dyna advertises in Pennsylvania, the record shows that it also advertises in the other 49 states. Therefore, it cannot be said that Dyna's activity is localized in the Western District or even localized in Pennsylvania. *See Remington Rand, supra.* Indeed, the record indicates that the activity which Dyna conducts here is nothing more than a portion of its general interstate commerce. *See Damon Coats v. Munsingwear, Inc.,* 431 F.Supp. 1303, 1309 (E.D.Pa.1977). In summary, we cannot conclude that Dyna's business is so localized within Pennsylvania that some state would require it to be licensed. *See Lubrizol Corp. v. Neville Chemical Co.,* 463 F.Supp. 33, 37 (N.D.Ohio 1978).[6]

\*       \*       \*       \*       \*       \*

Under 28 U.S.C. § 1406(a), a court may transfer or dismiss a case for improper venue.[7] *See e.g. Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Courts favor the resolution of disputes on the merits. *Budd Co. v. United States Dep't. of Transp.,* 89 F.R.D. 555, 558–559 (E.D.Pa.1981). Plaintiff's action could have been brought originally in the Southern District of California. Further, Defendant requests only that the case be transferred. Therefore, we find that the interest of justice warrants the transfer of this case to the United States District Court for the Southern District of California rather than its dismissal.

An appropriate Order will issue.

---

**5.** Plaintiff does not challenge Dyna's assertion that it has no sales people, offices, billing services or accountants in Pennsylvania.

**6.** State law does not control on the issue of whether a license would be required. *Lubrizol Corp., supra* at 37, n. 7; *Remington Rand, supra* 139 F.Supp. at 619.

**7.** 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.