**JLG INDUSTRIES, INC., Plaintiff,**

v.

**MARK INDUSTRIES, Defendant.**

**Civ. A. No. 87–1653.**

United States District Court,
M.D. Pennsylvania.

May 6, 1988.

John McN. Cramer, Reed Smith Shaw and McClay, Harrisburg, Pa., John J. Feldhaus, Schwartz, Jeffery, Schwaab et al., Alexandria, Va., for plaintiff.

Charles W. Rubendall, II, Harrisburg, Pa., Robert R. Thornton, Los Angeles, Cal., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Before the court is the motion of defendant to dismiss or transfer this action on the basis of improper venue. Also before the court is plaintiff's motion to enjoin defendant from initiating or further prosecuting patent infringement actions against customers of plaintiff. The motions have been fully briefed and are ripe for disposition.[1] The following recitation of facts is based on undisputed assertions of fact contained in the affidavits, exhibits, and briefs which accompany the parties' motions.

*Background*

Both plaintiff and defendant manufacture and sell aerial work platforms. Plaintiff is a Pennsylvania corporation, having its principal place of business in Pennsylvania. Defendant is a California corporation, with its principal place of business in that state. Defendant has one distributor, known as Forklifts, Inc., located in the Middle District of Pennsylvania. Defendant has no representative, no office, no employee, no telephone number, and no bank account in this district. According to the affidavit of defendant's vice-president of finance, the extent to which defendant does business or advertises in this district is no greater than the extent to which defendant engages in those activities nationwide.

With respect to at least one of its products, a self-propelled and extensible boom, defendant owns a patent. On November 17, 1980 an attorney for defendant wrote to plaintiff advising plaintiff that one of plaintiff's products appeared to be infringing defendant's patent. Counsel for defendant again wrote to plaintiff on May 8, 1986 and offered to plaintiff a license under the patent that was the subject of the 1980 letter. Counsel also informed plaintiff that defendant had been successful in litigation concerning the validity of certain claims in the patent. Plaintiff apparently did not accept defendant's license offer.

In September, 1987 defendant initiated a patent infringement action against Mobile Scaffolding Management and Sales, Inc., a customer of plaintiff. The action was brought in the United States District Court for the Central District of California. Defendant alleged that certain equipment which was sold, rented, or used by Mobile and manufactured by plaintiff violated defendant's patent. Although plaintiff in the case at bar is not a party in the California action, plaintiff is handling Mobile's defense in that action. The California action is currently pending.

On November 23, 1987 plaintiff brought the instant action in this court, seeking in part a declaration that defendant's patent is invalid or that equipment manufactured

---

1. Another unresolved motion in this matter is plaintiff's motion for leave to file a second amended complaint. Because it was filed after defendant's motion to dismiss, the motion for leave to file a second amended complaint will be deemed moot in light of the court's disposition of defendant's motion to dismiss.

by plaintiff does not infringe defendant's patent. According to plaintiff, the basis for this court's jurisdiction over plaintiff's claim is the Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and federal law concerning patents. Plaintiff further asserts that venue is proper here on the grounds that defendant does business in this district. Discovery in this case and in the California action has proceeded concurrently.

Pursuant to Fed.R.Civ.P. 12(b)(3), defendant moves to dismiss or transfer the case at bar on the basis of the argument that venue is improper in the Middle District of Pennsylvania. Plaintiff, of course, argues that venue is proper here and that the declaratory judgment action before this court should be accorded priority over the California action. Thus, plaintiff asks this court to stay litigation in the California action. Further, plaintiff seeks an injunction preventing defendant from bringing any more actions against plaintiff's customers.

In disposing of the parties' motions it is necessary for the court to address only the issue of whether venue is proper in the Middle District of Pennsylvania for the declaratory judgment action brought by plaintiff.

*Discussion*

"Venue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391, [footnote omitted] rather than the patent infringement venue statute, 28 U.S.C. § 1400." *Conaway Enterprises, Inc. v. Dyna Industries, Inc.*, 547 F.Supp. 577, 579 (W.D.Pa.1982). The general venue statute provides, in part, as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

28 U.S.C. § 1391(b), (c).

Although plaintiff in its complaint relies only on subsection (c) of § 1391 for its allegation that venue is proper here, plaintiff also argues in response to defendant's motion that venue is proper pursuant to subsection (b). Thus, the court will determine whether venue is proper under either of the two subsections. In making its determination, the court bears in mind the principle that "[o]nce venue has been challenged, it is incumbent upon the Plaintiff to establish that venue is proper." *Conaway Enterprises*, 547 F.Supp. at 579.

**A. § 1391(b)**

The question of whether defendant resides in this district for venue purposes will be addressed in the discussion of subsection (c). The court will focus its discussion of subsection (b) solely on plaintiff's argument that its claim arose in this district. The controlling case on the question of where a claim arose for venue purposes is *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

The *Leroy* case involved a Texas corporation which sought to acquire shares of an Idaho corporation. Upon receiving a letter at its offices in Texas from an Idaho state official objecting to its attempted compliance with Idaho statutes in the matter, the Texas corporation brought suit in a federal court in Texas asking, in part, that the Idaho statute be declared invalid. The Idaho defendants challenged venue in the Texas district court, and the Supreme Court ultimately agreed with the Idaho defendants that venue was not properly laid in Texas. In reaching that conclusion the Court announced several principles regarding § 1391(b) venue which are helpful in the case at bar.

In the first place the Court found that "[i]n most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. [footnote omitted] For that rea-

son, Congress has generally not made the residence of the plaintiff a basis for venue in nondiversity cases." *Id.* at 183–184, 99 S.Ct. at 2716–2717. The Court also found that the provision in § 1391(b) that venue is proper where the claim arose was designed to alleviate "venue gap," a situation in which "joint tortfeasors, or other multiple defendants, who contributed to a single injurious act, could not be sued jointly because they resided in different districts." *Id.*, n. 17. Unless such a venue gap exists, § 1391(b) is not to be read more broadly on plaintiff's behalf. *Id.*

The Court addressed the question of how § 1391(b) should be interpreted in cases in which the claim may have arisen in more than one district. In such cases, it was at least clear to the Court "that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Id.* at 185, 99 S.Ct. at 2717. The broadest possible interpretation which can be applied to § 1391(b) in cases where it is not clear that the claim arose in only one district was set forth as follows:

> a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim.

*Id.* After enunciating this interpretation, however, the Court proceeded to find that the claim of the Texas corporation had obviously arisen in Idaho.

Like the Court in *Leroy*, the court in the nondiversity case at bar finds it unnecessary to determine whether the availability of witnesses or the accessibility of evidence support plaintiff's choice of the Middle District of Pennsylvania as the venue for its declaratory judgment action. Because all the events which are tied to plaintiff's initiation of the instant action took place in the Central District of California, it is clear

that the claim arose in that district. The letters from counsel for defendant which plaintiff claims gave rise, in part, to this action were mailed from Los Angeles and Beverly Hills, California.[2] The lawsuit which was the subject of defendant's May 8, 1986 letter to plaintiff occurred in the Central District of California. The infringement lawsuit by defendant against one of plaintiff's customers was filed and is proceeding in the Central District of California. According to the affidavit of defendant's vice-president, defendant manufactures its patented products in Carson, California.[2]

Plaintiff bases its argument that its claim arose in the Middle District of Pennsylvania on the fact that plaintiff resides in this district and the fact that plaintiff received defendant's two letters in this district. In support of this argument plaintiff relies in part on the opinion in *Pennwalt Corporation v. Horton Co.*, 582 F.Supp. 438 (E.D.Pa.1984). In reaching its conclusion that venue was proper in the district where the plaintiff in that case had brought suit the court in *Pennwalt* did rely on the fact that the plaintiff resided in the district where venue was challenged. It seems to this court that the consideration of that factor was in contradiction to the above-quoted portions of the Supreme Court's opinion in *Leroy*. Indeed, the *Pennwalt* court made no mention of *Leroy*. Therefore, its consideration of plaintiff's residence in determining whether venue was proper under § 1391(b) is not persuasive.

The *Pennwalt* court also relied on the fact that an infringement complaint had once been filed against the plaintiff in that case in the same district where the plaintiff subsequently filed its declaratory judgment action. Thus, an event which acted as a catalyst for the plaintiff's action had actually taken place in the challenged venue. That situation is not the same situation which is involved in the case at bar. There is no evidence that an infringement action

---

**2.** According to the *Judicial Staff Directory* at 209 (1988), Los Angeles, Beverly Hills, and Carson are located in the Central District of California.

was ever filed against plaintiff in this district. Rather, the charges of infringement which plaintiff claims caused it to file its declaratory judgment action were in the form of letters composed in and mailed from the Central District of California. This distinction renders *Pennwalt* inapposite to the instant action.

Furthermore, the court finds that to accept plaintiff's argument regarding its receipt of letters in this district would conflict with the Supreme Court's finding in *Leroy*. In that case the plaintiff had received communications in the district where it brought suit, and those communications bore at least some relation to the plaintiff's initiation of its suit. In deciding that venue was improperly laid where the plaintiff brought suit, however, the Court focused not on where the plaintiff received the communications but on the place from which the communications were sent. *Leroy*, 443 U.S. at 185, 99 S.Ct. at 2717.

In summary, the court holds that the facts in this case make it evident that plaintiff's claim arose in the Central District of California and that venue is not proper in this district pursuant to 28 U.S.C. § 1391(b).

**B.  *§ 1391(c)***

Plaintiff does not assert that defendant is incorporated or licensed to do business in this district. Plaintiff merely argues that defendant is "doing business" in this district within the meaning of § 1391(c). The decision which the court will follow in deciding whether venue is proper under § 1391(c) is *P.C. Products Corp. v. T.A. Williams*, 418 F.Supp. 331 (M.D.Pa.1976), *appeal dismissed*, 556 F.2d 568 (3d Cir.1977). In that case Chief Judge Nealon arrived at a definition of "doing business" as that phrase is used in § 1391(c). Chief Judge Nealon concluded that "something more than the minimum contacts necessary for personal jurisdiction is required for a corporation to be 'doing business' under Section 1391(c)." *Id.*, 418 F.Supp. at 332. In determining whether defendants in that case were "doing business" for purposes of § 1391(c), the court

applied the following test: "the test should be what would generally enable a state to require licensing, even though it might not be enough, or be more than enough, in some states ... 'the activity must be of such a nature so as to localize the business and make it an operation within the district.'" *Id.* at 332, *quoting Remington Rand, Inc. v. Knapp–Monarch Co.*, 139 F.Supp. 613, 617 (E.D.Pa.1956).

This same test was applied in *Conaway Enterprises, Inc. v. Dyna Industries, Inc.*, 547 F.Supp. 577 (W.D.Pa.1982). In that case the defendant shipped its products into the district where venue was challenged but did not sell its products through an on-site representative or office. The defendant also had no local telephone number or bank account in the challenged venue. The extent to which the defendant engaged in business activity in the challenged venue was no greater than the extent to which it conducted its business throughout the United States. Applying the localization test to these facts, the court held that the defendant was not doing business in the challenged venue for purposes of § 1391(c). *Id.* at 580.

Applying the localization test to the facts in the case at bar results in the same conclusion reached by the court in *Conaway*. It is undisputed that defendant engages in business activity to some degree in the Middle District of Pennsylvania. Defendant sells its products through a distributor in this district, and publications in which defendant advertises circulate in this district. Nonetheless, the affidavit of one of defendant's vice-presidents emphatically states that the business conducted by defendant here is no greater than business conducted by defendant throughout the United States. Further, the affidavit declares that defendant has no sales representative, local telephone number, or office in this district.

Plaintiff has made no factual assertions which contradict defendant's affidavit. Bearing in mind that it is plaintiff's burden to establish that venue is proper once venue has been challenged, the court holds that plaintiff has failed to meet its burden

of showing that defendant's activity is so localized within this district as to constitute "doing business" within the meaning of § 1391.

*Conclusion*

■ On the basis of the preceding discussion the court concludes that venue in this matter is not properly laid in the Middle District of Pennsylvania. Having reached that conclusion, the court is faced with the choice of dismissing the action or transferring it to the venue where it should have been filed. 28 U.S.C. § 1406(a). Plaintiff states in its memorandum supporting its motion for an injunction that discovery in the instant case and discovery in the pending California case have proceeded simultaneously. Further, it appears that there are issues present in the case at bar which are not present in the California action. Because discovery has already occurred in this action which is apparently pertinent to the California action and because transferring this action would promote the resolution of all the disputes between the parties, the court finds that it would be in the interests of justice to transfer the action.

In light of the court's disposition of defendant's motion, plaintiff's motion for an injunction is deemed moot.

### ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) Defendant's motion to transfer this action on the grounds that venue is improper is granted;

2) The Clerk of Court is directed to transfer the file in this case to the United States District Court for the Central District of California; and

· 3) Plaintiff's motion for leave to file a second amended complaint and its motion for an injunction are deemed moot.